AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>PAMELA DELVALLE and DIDIER CANO BERMUDEZ, a/k/a "Alex,"<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 10-3156-PRP<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __5/2010 through 8/5/2010__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1), 21 USC 846 | Beginning in or about May 2010, the exact date being unknown, and continuing through on or about August 5, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, PAMELA DELVALLE and DIDIER CANO BERMUDEZ, a/k/a "Alex," did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown, to possess with the intent distribute a controlled substance, that is, one (1) kilogram or more of of a mixture and substance containing a detectable amount of heroin, in violation of 21 USC 841(a)(1) & 841(b)(1)(A)(i); all in violation of 21 USC 846. |

This criminal complaint is based on these facts:
See attached affidivit

☑ Continued on the attached sheet.

_____
Complainant's signature

STEVEN ROMAIN, SPECIAL AGENT, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8-13-10

_____
Judge's signature

City and state: MIAMI, FL

THE HON. PETER R. PALERMO
*Printed name and title*

## AFFIDAVIT

I, Special Agent Steven M. Romain, Drug Enforcement Administration, (DEA), Miami, Florida, being duly sworn, state:

1. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Miami Field Division. I have received specialized training on the subject of narcotics trafficking from the DEA and have been personally involved in investigations concerning the possession, manufacture, concealment, distribution, and importation of controlled substances, as well as the methods used to finance drug transactions and launder drug proceeds. I have been a DEA agent for approximately 12 years. Prior to my employment with the DEA, I was a Police Officer for the City of Fraser, Michigan, from 1993 to 1998.

2. The information contained in this affidavit is submitted for the purpose of supplying probable cause for the attached criminal complaint against PAMELA JEAN DELVALLE and DIDIER CANO BERMUDEZ, a/k/a "Alex."

3. I have personally participated in this investigation and as a result of this participation, as well as information provided to me by other law enforcement officials, I am familiar with this investigation. I have not set forth each and every fact about this investigation. Rather, this affidavit sets forth only those facts that I believe are necessary to establish probable cause in support of the complaint. As a result, it does not contain all the information known regarding this investigation.

4. On August 4, 2010, a DEA Confidential Source (CS) in Colombia, provided information that a Colombian resident (hereinafter "Individual A") was coordinating the delivery of heroin from Colombia to Miami, Florida. The CS advised that Individual A was directing a

1

female in Hialeah, Florida identified only as "Pamela," to deliver the heroin to a buyer. The Colombian CS provided the phone number for "Pamela."

5. Subsequent law enforcement investigation revealed that the telephone number for "Pamela" was linked to Pamela DELVALLE. DELVALLE was associated with an address of 10480 W. Okeechobee Rd., Apt. 103, Hialeah, Florida (hereafter referred to as "The Residence").

6. On August 5, 2010, law enforcement conducted a traffic stop of a vehicle being operated by DELVALLE. Law enforcement discovered a small amount of a substance suspected of marijuana inside of the vehicle. DELVALLE was given her <u>Miranda</u> warnings. DELVALLE advised law enforcement that she wanted a lawyer.

7. Later that same day, August 5, 2010, law enforcement went to the residence located at 10480 W. Okeechobee Rd., Apt. 103, Hialeah, Florida. At the residence, law enforcement was greeted by DIDIER CANO BERMUDEZ a/k/a "Alex." Law enforcement requested BERMUDEZ's consent to search the residence. BERMUDEZ executed a signed consent to search form.

8. During the consent search, law enforcement found approximately one kilogram of suspect heroin, a "kilo press," an undetermined amount of US currency, and two handguns. A field test of the suspect heroin proved positive for the presence of heroin.

9. Law enforcement then advised BERMUDEZ of his <u>Miranda</u> rights. BERMUDEZ waived his <u>Miranda</u> rights and agreed to speak with law enforcement. BERMUDEZ stated that DELVALLE is the wife of his brother. BERMUDEZ advised that DELVALLE brought the heroin to his house two days before, and that the heroin had been concealed in the soles of shoes.

2

BERMUDEZ advised that the heroin is concealed in the shoes to avoid law enforcement detection as it is imported from Colombia. BERMUDEZ advised that he works for DELVALLE and that BERMUDEZ's job is to remove the heroin from the soles and mix it with chocolate incense in order to dilute it for distribution.

10. BERMUDEZ also advised that DELVALLE then receives instructions from a known individual in Colombia and delivers it to customers. The CS has also confirmed this process and advised that DELVALLE works for Individual A. BERMUDEZ advised that they have received approximately 2,848 grams of heroin over the past three months. A search of DELVALLE's vehicle was performed and therein law enforcement found chocolate incense, which was previously described as the cutting agent used to dilute the heroin. Also found in the car were four money transfer receipts. One of the receipts was dated August 3, 2010, for $3,000 to Individual A in Medellin, Colombia.

12. During the time that BERMUDEZ was speaking with law enforcement, DELVALLE was present. Law enforcement, however, was only questioning BERMUDEZ and not DELVALLE. DELVALLE nevertheless spoke with law enforcement, and told them that she did receive instructions on what to do with the heroin from Colombia and that she received such instructions on her blackberry telephone. DELVALLE later indicated that she wanted to cooperate with law enforcement. DELVALLE advised that the buyers of the heroin were located in New York, but had a local Miami buyer awaiting the previously seized heroin. DELVALLE then made a consensually recorded telephone call to the New York buyers. On that call, the New York buyer (hereinafter referred to as "Individual B"), advised DELVALLE that his local buyer (hereinafter referred to as "Individual C") was there and that she should contact him.

DELVALLE then placed a consensually recorded telephone call to the local buyer and arranged to meet with the local buyer to deliver the heroin.

13. Approximately ten minutes later, BERMUDEZ received a telephone call from Individual A, who was then located in Colombia. Individual A advised that DELVALLE needed to distribute to the local buyer of 250 grams of heroin. At which point, BERMUDEZ advised that DELVALLE was taking 1000 grams. Individual A advised BERMUDEZ that he, Individual A, would contact DELVALLE himself.

14. At approximately 9:00 p.m. that night, DELVALLE conducted a controlled delivery of 250 grams of heroin to Individual C. This controlled delivery was audio recorded and observed by law enforcement.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Steven M. Romain, SPECIAL AGENT
U.S. DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed
before me this
____ day of August, 2010.

_____
THE HON PETER R. PALERMO
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10-3156-PRP

UNITED STATES OF AMERICA

vs.

PAMELA DELVALLE and
DIDIER CANO BERMUDEZ,
    a/k/a Alex,

    Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

BY: _____
      Jared E. Dwyer
      Assistant United States Attorney
      Court ID No. A5501240
      99 N.E. 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9118
      Fax: (305) 536-7213